UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Adam Lee Fellhauer,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Mat King, et. al.,<br><br>　　　　Defendants. | Case No. 23-10776<br>Honorable Shalina D. Kumar<br>Mag. Anthony P. Patti |

### OPINION AND ORDER HOLDING CASE IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

**I. Introduction**

Plaintiff Adam Lee Fellhauer, incarcerated at the St. Clair County Jail in Port Huron, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Having reviewed the complaint, the Court will stay the case, holding it in abeyance as per the conditions outlined in the opinion, and administratively close the case.

**II. Factual Background**

Plaintiff's complaint is at times difficult to understand. The gist of his complaint appears to be that he is being wrongly prosecuted in the St. Clair County Circuit Court. Plaintiff does not specify what he is being charged with, but the St. Clair County Jail website indicates that Plaintiff has a pending

extortion charge against him. *Adam Fellhauer*, Sᴛ. Cʟᴀɪʀ Cɴᴛʏ. Sʜᴇʀɪғғ'ѕ Oғғ., https://inmates.stclaircounty.org/inmate/index/222826 (last visited June 8, 2023).

Plaintiff claims that these charges are being brought against him because he refused to pull illegal drugs off cargo ships being run by the U.S. Border Patrol. Plaintiff claims that several of the police agencies involved in this case have a prior bias against him, as evidenced by "kidnapping" Plaintiff in 2007 and turning him over to the Oakland County Sheriff Department on a prior criminal charge or conviction. Plaintiff at least implies that his arrest in the current case was illegal. Plaintiff challenges the decision by the judge in the 72nd District Court to bind him over for trial to the St. Clair County Circuit Court. He also challenges the circuit judge's decision to refer him to the Forensic Center for Psychiatry for a psychiatric evaluation. Plaintiff appears to suggest that the St. Clair County Sheriff Mat King is laboring under a conflict of interest by employing four of the crime victims in this case. Plaintiff claims that these individuals and other Sheriff Department employees should recuse themselves from Plaintiff's pending criminal case. Plaintiff alleges that there have been delays in bringing him to trial. Plaintiff seeks injunctive, declaratory, and monetary relief.

### III. Standard of Review

Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997), *aff'd*, 172 F.3d 49 (6th Cir. 1998).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich.1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed. R. Civ. P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by

federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## IV. Analysis

To the extent that Plaintiff requests injunctive relief from pending criminal charges, the Court will abstain from enjoining the pending state court prosecution against Plaintiff.

In *Younger v. Harris,* 401 U.S. 37, 45 (1971), the United States Supreme Court held that federal courts should not enjoin pending state criminal proceedings except "under [the] extraordinary circumstance[]" where an injunction is necessary to prevent "both great and immediate" irreparable injury. The cost, anxiety, and inconvenience of a state criminal defendant having to defend against a single criminal prosecution cannot be considered by themselves to constitute irreparable injury. *Id.* at 46. Instead, the threat to a criminal defendant's federally protected rights must be one that "cannot be eliminated by his defense against a single criminal prosecution." *Id.* The holding in *Younger* was based on principles of equity and upon the "more vital consideration" of the principles of comity and federalism. *Id.* at 44.

A federal court should employ three factors to determine whether the *Younger* abstention doctrine should apply: (1) there must be pending or ongoing state judicial proceedings; (2) these proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *GTE Mobilnet of Ohio v. Johnson*, 111 F.3d 469, 481 (6th Cir. 1997).

For purposes of *Younger,* a state's trial-and-appeals process is "treated as a unitary system," and a party may not obtain federal intervention "by terminating the state judicial process prematurely—foregoing the state appeal to attack the trial court's judgment in federal court." *New Orleans Pub. Serv., Inc. v. Council of New Orleans,* 491 U.S. 350, 369 (1989). A necessary prerequisite of the *Younger* doctrine is that a party prior to contesting the judgment of a state judicial tribunal in federal court must exhaust his or her state appellate remedies before seeking relief in the district court. *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608 (1975).

Applying the above test, the Court concludes that it would be appropriate to abstain from issuing injunctive relief with respect to the criminal charges pending against Plaintiff. For purposes of the first requirement of the *Younger* doctrine, a state criminal prosecution will be

considered to be pending in the state courts if at the time of the filing of the federal complaint, not all of the state appellate remedies have been exhausted. *See Ballard v. Stanton*, 833 F.2d 593, 594 (6th Cir. 1987); *Tesmer v. Granholm*, 114 F. Supp. 2d 603, 612 (E.D. Mich. 2000). As stated, criminal charges are pending against Plaintiff. If Plaintiff were to be convicted, Plaintiff would still be required to exhaust his available state court appellate remedies with the Michigan Court of Appeals and the Michigan Supreme Court prior to seeking federal relief.

Next, the criminal prosecution against Plaintiff unquestionably involves important state interests, as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *Leveye v. Metro. Pub. Def.'s Off.*, 73 F. App'x 792, 794 (6th Cir. 2003).

Finally, with respect to the third factor, Plaintiff would have an opportunity to challenge the constitutionality of any pending criminal charges or any convictions in the state courts. Federal courts must presume that the state courts are able to protect the interests of a federal plaintiff. *See Kelm v. Hyatt,* 44 F.3d 415, 420 (6th Cir. 1995).

Plaintiff also requests declaratory relief. The *Younger* abstention doctrine further applies to requests for declaratory relief in federal courts.

*Samuels v. Mackell*, 401 U.S. 66, 72-73 (1971); *Younger*, 401 U.S. at 41 n. 2. Plaintiff is not entitled to declaratory relief at this time.

The Court recognizes that Plaintiff also requests monetary damages arising from his arrest and prosecution. The *Younger* abstention doctrine applies to cases where a plaintiff requests monetary damages. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir.1998) ("[Plaintiff's] present federal action for damages under 42 U.S.C. § 1983 . . . is a textbook case for *Younger* abstention.").

A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance. See *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). In exercising this discretion, a district court should look to the nature of the state proceedings and consider whether a plaintiff will be able to address his federal claim on the merits in the state court proceeding. *Id.* The court should also consider whether there are any statute of limitations issues should the case be dismissed and the limitations clock continue to run. *Id.*

Plaintiff seeks monetary damages and alleges that there have been delays in bringing him to trial. Where *Younger* abstention is appropriate, a district court is required to stay a complaint seeking money damages rather than dismiss the case. *Carroll*, 139 F. 3d at 1076; *see also* Michel v. City of

Akron, 278 F. App'x 477, 480-81 (6th Cir. 2008) (district court's failure to issue a stay § 1983 claims alleging search and seizure in violation the plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment rights, after decision to abstain under *Younger* pending outcome of criminal case in state court, was abuse of discretion, where dismissing claims would have put the plaintiff's claims in jeopardy of being time-barred upon resolution of state criminal proceedings).

The Court will therefore stay the proceedings and hold the complaint in abeyance as per the conditions listed below.

## V. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that the Court abstains from exercising its jurisdiction and **STAYS** this case pending the conclusion of the state court proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See, e.g.*, *Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

**IT IS FURTHER ORDERED** that, if Plaintiff seeks to reopen this case, Plaintiff shall file a motion to reopen the case within **forty-five (45) days** of

the conclusion of final state court criminal proceedings. Upon receipt of a motion to reopen the case, the Court will order the Clerk to reopen this case for statistical purposes.

Dated: June 15, 2023

s/Shalina Kumar
Hon. Shalina D. Kumar
United States District Judge